# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WAYNE RATHBUN,<br><br>Petitioner,<br><br>v.<br><br>K. ALLISON, CDCR Secretary,<br><br>Respondent. | Case No. 2:21-cv-03252-JVS (AFM)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

In 2004, Petitioner was convicted of numerous counts of rape, residential burglary, forcible oral copulation, assault with the intent to commit a sex offense, forcible sexual penetration by a foreign object, and forcible sodomy. As a result of a prior "strike" conviction, Petitioner was sentenced to 1040 years to life in prison. (ECF 1; *see also People v. Rathbun*, 2007 WL 2391258, at *1 (Aug. 23, 2007). Petitioner appealed to the California Court of Appeal, which affirmed the judgment, but remanded the case for re-sentencing. *Rathbun*, 2007 WL 2391258, at *1. On October 31, 2007, the California Supreme Court denied review. (ECF 1 at 6; *see* https://appellatecases.courtinfo.ca.gov.)

On May 20, 2008, Petitioner filed a petition for a writ of habeas corpus in the Central District of California challenging his 2004 conviction. *Rathbun v. Scribner*,

Case No. CV 08-3339-AG (PJW). On March 30, 2010, judgment was entered denying the petition on the merits and dismissing the action with prejudice. Petitioner's request for a certificate of appealability was also denied.

The current petition for a writ of habeas corpus, filed on April 12, 2021, again challenges Petitioner's 2004 conviction and sentence. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition, this Court is without jurisdiction to entertain it.[1] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). Furthermore, to the extent that Petitioner might contend that his petition meets an exception to the bar on successive petitions, that argument must first be presented to the Court of Appeals.

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 29, 2021

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.